UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWIN FRANCO ROLFFO-ZAVALA, | ) | CASE NO.  1:14CR123 |
| | ) |     1:15CV2248 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Edwin Franco Rolffo-Zavala's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.  Doc. 36.  The petition is DENIED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

In his first ground for relief, Petitioner asserts that his guilty plea was not knowing and voluntary.  Specifically, Petitioner contends that his counsel coerced him into pleading guilty and that he was unaware of the nature of the charges against him and his constitutional rights.

1

A plea of guilty is valid if it is entered voluntarily and intelligently, *Bradshaw v. Stumpf*, 545 U.S. 175 (2005); *Bousley v. United States*, 523 U.S. 614 (1998), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). To enter a knowing plea, the defendant must understand the true nature of the charge against him. *Stumpf v. Mitchell*, 367 F.3d 594, 608 (6th Cir. 2004). The Constitution requires that the totality of the circumstances reflect that the defendant be informed of all direct consequences of his plea. *Brady*, 397 U.S. at 755. Although no precise litany of rights waived is required, *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988); *Campbell v. Marshal*, 769 F.2d 314, 324 (6th Cir. 1985), the record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Riggins v. McMacken*, 935 F.2d 790, 895 (6th Cir. 1991).

In the instant matter, Petitioner's initial contention -- that he was uninformed about the nature of the charges against him – is belied by the record. During his change of plea hearing, Petitioner was asked if he had received a copy of the indictment setting forth the three charges against him. Doc. 39 at 4. Petitioner responded that he had received it and that he understood the nature of the charges against him. *Id.* The Court then informed Petitioner of the three charges against him: "The charges are, I believe, sexual exploitation of a child, and two counts of travel with intent to engage in illicit sexual conduct. I believe that is how the three counts are described." The Court then inquired specifically as to whether Petitioner understood the nature of the charges and Petitioner responded that he understood the charges. Accordingly, Petitioner's claim that he did not understand the charges cannot survive in the face of the record before this Court.

The same analysis holds true for Petitioner's claim that he did not understand the rights he was waiving when he pled guilty. The Court, however, explained these rights in detail during the

change of plea hearing. *See* Doc. 39 at 12-15. As such, Petitioner cannot now contend that he was not made aware of these rights.

Similarly, Petitioner's claim that his counsel coerced him into pleading guilty is also contradicted by the record. The Court asked: "Has anyone tried to force you, coerce you, or threaten you in any way to enter this plea?" Petitioner responded: "No." Doc. 39 at 5. Furthermore, the extent of Petitioner's argument herein seems to suggest that his counsel coerced him by informing him of the maximum penalty he faced – 30 years. As such, his claim that his plea was coerce also cannot survive scrutiny.

Finally, Petitioner contends that he was deprived of effective assistance of counsel. Petitioner contends that his counsel did so little on his behalf that he was effectively denied counsel and also contends that he desired an appeal but that no appeal was taken on his behalf. Petitioner's final claim also lacks merit.

The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's performance was deficient. Id. at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Petitioner must show that his counsel's deficient performance actually prejudiced his defense. *Id.*

Petitioner offers no specifics with respect to his claim that his counsel did not mount a sufficient defense on his behalf. While asserting that his counsel did *nothing*, Petitioner once again ignores the record of these proceedings. The presentence report herein proposed a guideline range of 210 to 262 months. In response, Petitioner's counsel filed a 22 page sentencing memorandum that argued for a lower guideline range of 168 to 210 months. Counsel also argued the statutory sentencing factors at length, while providing a report prepared by a mental health care provider. In

3

so doing, counsel argued that Petitioner's past, including past abuse, coupled with the mental health care provider's opinion that his risk of recidivism was low, warranted a downward variance. Through counsel's diligent efforts, Petitioner received a sentence (210 months) at the bottom of the guideline range proposed in the presentence report. Counsel was also able to secure letters of support for Petitioner, including several which had to be translated for the Court to utilize.

In his petition, Petitioner fails to identify any specific task that he believes counsel failed to complete or should have completed in a different manner. Instead, he relies upon general, conclusory statements that his counsel "failed to properly investigate all avenues of defense" and "did not have legal knowledge and skill." Doc. 36-1 at 6. Petitioner fails to offer what defense his counsel should have investigated or what facts should have prompted such an investigation. As such, he has fallen well short of demonstrative that his counsel's performance was deficient.

Finally, Petitioner appears to contend that he received ineffective assistance of counsel because no appeal was perfected on his behalf. Petitioner asserts at one point his brief that no appeal was taken despite his request for one. Petitioner, however, offers no details about this request. He does not inform the Court of when this request was made or inform the Court to whom he made the request. Moreover, while Petitioner attached an unsigned affidavit to his petition, the affidavit makes no mention of a request for an appeal that was not filed. As such, the record before this Court is insufficient to demonstrate that Petitioner made a timely request for an appeal that was not honored by his counsel. Petitioner, therefore, has failed to demonstrate ineffective assistance of counsel.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

4

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: February 29, 2016                /**s**/ *John R. Adams*
                                        **JOHN R. ADAMS**
                                        **UNITED STATES DISTRICT JUDGE**